## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ZACHRY CURREY** <br> 7748 Olson Loop <br> Fort Meade, Maryland 20755 <br><br> *Plaintiff*, <br> v. <br><br> **CONSULTING SERVICES GROUP, LLC** <br> 205 Van Buren Street, Ste 310 <br> Herndon, Virginia 20170 <br><br> *Defendant.* | Civil Action No. _____ |

## COMPLAINT AND JURY DEMAND

The Plaintiff, Zachry Currey, by his attorneys, James M. Ray, II and Ray Legal Group, LLC, hereby sues Consulting Services Group, LLC and alleges as follows:

### PARTIES

1. Plaintiff Zachry Currey ("Plaintiff" or "Mr. Currey") is a citizen of the State of Maryland.

2. Defendant Consulting Services Group, LLC ("CSG") is a Virginia limited liability company with its principal place of business in Herdon, Virginia.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over the Plaintiff's claim brought under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §4301, *et al.*, including specifically § 4323.

4. This Court has personal jurisdiction over Defendant CSG at it engages in business in Maryland.

5. Venue in this District is proper as the events giving rise to the claims occurred within this District and Defendant CSG maintains a place of business in Ft. Meade, Maryland.

FACTS

6. Mr. Currey began his employment with CSG on or about July 29, 2022 when he accepted the Infinity Contract Agreement with CSG.

7. Mr. Currey reported to Ft. Meade and began working with the Army Cyber Command ("ARCYBER"), one of CSG's government customers. Mr. Currey's official start date with ARCYBER was August 22, 2022.

8. At all times relevant to Mr. Currey's employment, he was a Staff Sergeant with the United States Army Reserve.

9. While at Battle Assembly ("BA") in October of 2022, 3100 Strategic Intelligence Group, a part of the United States Army's Military Readiness Command, informed Mr. Currey about an upcoming deployment for which he might be selected. As soon as Mr. Currey learned of this upcoming potential deployment, he notified CSG Site Lead Ryan Miller in October of 2022. Mr. Miller informed Mr. Currey that Mr. Currey would be removed from the ARCYBER contract because Mr. Currey had not completed the JQS (Joint Qualification System), MADO (Military Affairs Desk Officer (security)) and onboarding requirements. Mr. Miller's desire to relieve Mr. Currey was directly related to Mr. Currey's upcoming deployment, and Mr. Miller's inherent military bias.

10. Immediately following his conversation with Mr. Miller, and concerned about a potential USERRA violation by CSG, Mr. Currey contacted Dominick McCray, a Deputy Program Manager at CSG, by telephone, to express his concern about what CSG agent Ryan Miller had said. Mr. McCray reassured Mr. Currey that he would not be terminated for deploying, and that

2

he (Dominick McCray) would not let that happen. Mr. McCray indicated that he would speak with Mr. Miller.

11. On December 21, 2022, Mr. Currey received a "Memorandum For Employer" from the Department of the Army that discussed his upcoming deployment. The "Memorandum For Employer" references USERRA. Mr. Currey forwarded the Memorandum For Employer to Mr. Miller that same day after receiving a copy of it. The Memorandum For Employer indicated that Mr. Currey would transition to active-duty status on February 1, 2023.

12. On January 5, 2023, April K. Bowen, CSG's Vice President of Human Resources, sent Mr. Currey a letter acknowledging Mr. Currey's upcoming military leave. The letter also provided details regarding CSG benefits. Mr. Currey also received an email from CSG agent Ms. Hadada which indicated CSG's belief that Mr. Currey was "separating his employment with Consulting Services Group, LLC effective January 13, 2023." Mr. Currey immediately contacted Ms. Hadada to inform her that there must have been some kind of mistake, and that he was not planning on separating. Ms. Hadada explained that the letter was a form response that CSG was required to send relating to Mr. Currey's upcoming deployment.

13. On January 9, 2023, Mr. Currey received a second Memorandum For Employer from the Department of the Army. The January 9, 2023 Memorandum For Employer also reiterated that Mr. Currey would transition to active-duty status on February 1, 2023. The January 9, 2023 Memorandum for Employer also indicated that Mr. Currey would be "performing military duties as an active member of the 3100th Strategic Intelligence Group (SIG) from 16 to 19 January 2023, and 22 to 27 January 2023 in support of a pending mobilization." Mr. Currey immediately forwarded the January 9, 2023 Memorandum for Employer to CSG and ARCYBER.

14. On January 23, 2023, Dominic McCray sent an email to CSG agents April Bowen

3

and Erik Goetschi informing them that "[t]oday we were notified by the customer that they are seeking immediate termination of Mr. Zachry Currey from the Infiniti contract." Mr. McCray's email indicated, *inter alia*, that "Mr. Currey is set to begin military reserve deployment on February 1, 2023," and that "Mr. Currey has provided mobilization orders for his deployment, along with training orders for pre-deployment training that he is scheduled to complete during the month of January 2023." Mr. McCray went on to say "[t]he government customer informed Will and I that Mr. Currey <u>has now been completely read off of access due to his upcoming military mobilization</u>." [Emphasis added]. Not surprisingly, Mr. McCray went on to say that "Will and I are concerned about potential legal issues that might occur with <u>Mr. Currey being let go due to circumstances related to his upcoming military deployment</u>." (emphasis added).

15. As a result of Mr. McCray's concerns relating to the "potential legal issues," he reached out to CSG agent Ryan Miller (Site Lead for the Infiniti Contract), to provide other justifications for Mr. Currey's termination as a means to water down any potential USERRA violation, noting in a January 23, 2023 email:

> "I have informed Ryan Miller, the Site Lead for the Infiniti contract at Fort Meade, Maryland, to provide an additional write-up to give the full description of the unprofessionalism displayed leading up to today's information provided by the customer."

16. Even with Mr. McCray's coaching, CSG/ARCYBER still largely failed to enunciate non-discriminatory justifications for Mr. Currey's termination. For example, the summary provided by Ryan Miller in response to Mr. McCray's inquiry indicated that:

> "Months after Zach had attended PSA, PSDDS, and POI it was brought to my attention by LTC Gers that during those classes Zach's character was not what most would consider to be professional. She didn't offer up a lot of detail regarding the unprofessionalism seen as far as behavior goes, <u>though she did bring up that he was discussing his desire to volunteer for an upcoming deployment. She told me that a soldier should not be discussing his desires for a deployment while he is currently</u>

<u>in the onboarding process for a new job he just started and that doing so was extremely unprofessional.</u>" (emphasis added).

17. Mr. Miller further complained about Mr. Currey's military service by saying:

"Zach let me know on 12/21/2022 that he would be going on a deployment soon and he would provide me with a Memo stating the situation and would provide me his orders as soon as he got them. <u>With Zach leaving for Deployment Feb 1, 2023 this will impact his current MADO process as he will not be around to complete this until he returns</u> and once he returns he will need to go through JQS and start the MADO process over again." (emphasis added).

18. While some trivial other issues were identified in Mr. Miller's write-up, it is clear that Mr. Currey was terminated from the Infiniti Contract, *at least in part,* because of his military service obligations. As a result, his military obligations were a motivating factor in CSG's decision to terminate Mr. Currey from the Infinity Contract. This was a direct violation of USERRA.

19. On January 25, 2023, LTC Katherine Gers, USARMY ARCYBER, officially emailed CSG agent, William Bell (Program Manager), and asked that Mr. Currey be terminated from the SAT-M project.

20. On January 26, 2023, CSG, by and through its agent, William Bell, sent Mr. Currey a letter explaining that "[b]ecause the customer has debriefed you from the program and requested that you be removed from the contract, you are no longer qualified for the job position you were hired to fill. This is effective immediately."

21. The January 26, 2023 correspondence removing Mr. Currey from the Infinity Contract "effective immediately," was an adverse employment action committed by CSG. At the time CSG made this decision, they knew ARCYBER's underlying justifications for wanting Mr. Currey removed were based on an anti-military animus. Aiding and abetting ARCYBER's anti-military conduct is the functional equivalent of CSG engaging in anti-military animus itself. Notwithstanding, CSG engaged in its own discriminatory conduct by removing Mr. Currey from

5

his Infinity Contract because of complications related to his deployment as identified by CSG agent Ryan Miller.

22. Likewise, Mr. Bell's January 26, 2023 letter did not indicate that Mr. Currey would be transferred to another available job. Mr. Bell's letter did not indicate that Mr. Currey would be provided Bench Pay while CSG attempted to reassign him to another job. Not surprisingly, Mr. Bell's letter also did not indicate that Mr. Currey was being removed from the contract because of his military deployment—even though this was a major issue relayed by ARCYBER and CSG agent Ryan Miller. Any objective review of Mr. Bell's letter clearly indicates that Mr. Currey was being terminated from CSG. This is further underscored by CSG's actions post – January 26, 2023 (i.e., CSG made no effort to try and reassign/transfer Mr. Currey to a new position).

23. Furthermore, CSG, through its agents William Bell, Dominic McCray, and April Bowen, tried to conceal ARCYBER and Ryan Miller's anti-military bias by soliciting other non-discriminatory justifications for Mr. Currey's removal from the contract. This was done as a means to avoid legal liability and to further discriminate against Mr. Currey. This forms the basis of a second USERRA violation as CSG was actively trying to deny Mr. Currey benefits associated with his employment.

24. On January 27, 2023, Mr. Currey received his official orders from the Department of Army that required him to report to FT Belvoir on January 29, 2023. Also, on January 27, 2023, Mr. Currey spoke with CSG agent April Bowen after receiving a copy of Mr. Bell's January 26, 2023 correspondence saying he had been removed from the contract "effective immediately." Mr. Currey attempted to get clarification from Ms. Bowen on CSG's actions, including trying to get clarification on whether he was still an employee of CSG, or whether he had been terminated. Ms. Bowen simply repeated that he was "removed from the contract" and would not provide any other

details regarding Mr. Currey's employment status with CSG leaving Mr. Currey with the understanding that he had been terminated from his employment with CSG.

25. On January 29, 2023, Mr. Currey reported to FT Belvoir. On January 30, 2023, Mr. Currey reported to FT Hood, Texas to begin necessary training for his deployment. On February 18, 2023, Mr. Currey was notified by his commander that he would not be selected for the upcoming deployment, and that he could return to his civilian employer.

26. Mr. Currey acted reasonably in not notifying his employer that he intended to return to work after he was not selected for deployment because Defendant CSG had previously terminated his employment.

27. As a result, on February 21, 2023, due to CSG's failure to reinstate Mr. Currey's employment, and because CSG had terminated his employment (Mr. Currey stating in the hardship request that "[o]n or around Jan 26th, 2023 my civilian employer sent a letter terminating my employment"), Mr. Currey applied for an emergency "Hardship Request" with the Department of Army. The purpose of the Hardship Request was so Mr. Currey could mitigate his financial losses by being placed on active-duty status. Mr. Currey's Hardship Request was granted.

28. On March 6, 2023, Mr. Currey filed a complaint with the United States Department of Labor ("DOL") against CSG.

29. During the course of the DOL investigation and while Mr. Currey was still on active-duty status, CSG now took the position that Mr. Currey's employment with CSG had not been terminated.

30. Mr. Currey was demobilized on April 28, 2023 with the expectation that Mr. Currey would be remobilized and assigned to new deployment that would begin on May 30, 2023.

31. The DOL closed its file on Mr. Currey's complaint against CSG on May 10, 2023.

32. At this time, Mr. Currey also received notice that he would not be part of the May 30, 2023 deployment and informed CSG that he would not be deployed and that he intended to return to employment with CSG.

33. Because Mr. Currey would not be deployed on May 30, 2023 and because CSG now took the position that, despite Defendant CSG's prior termination of Mr. Currey's employment, he was still an employee of CSG, Mr. Currey applied for positions at CSG, but CSG rejected each attempt by Mr. Currey to return to work at CSG.

34. On June 21, 2023 CSG informed Mr. Currey that his last day of employment would be June 23, 2023.

35. Mr. Currey continues to incur backpay and lost wages on a daily basis.

### COUNT I
(USERRA - Retention in Employment)
(Plaintiff Zachry Currey v. Defendant)

36. Plaintiff Zachry Currey incorporates by reference the preceding allegations as if set forth fully herein.

37. Plaintiff Zachry Currey is a member of and has performed services in the uniformed services as that term is defined in USERRA.

38. Defendant CSG had control over employment opportunities for Plaintiff Zachry Currey and is an employer as that term is defined in USERRA.

39. USERRA provides that "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership,

application for membership, performance of service, application for service, or obligation." § 4311.

40. Defendant CSG denied Plaintiff Zachry Currey "retention in employment" by terminating Plaintiff Zachry Currey's employment after being informed that Plaintiff Zachry Currey was subject to being deployed.

41. Plaintiff Zachry Currey's membership and service in the uniformed services was a motivating factor in Defendant CSG's decision to deny Plaintiff the foregoing employment opportunity.

42. Plaintiff Zachry Currey has suffered damages as a direct result of Defendant CSG's willful actions.

WHEREFORE, Plaintiff Zachry Currey demands judgment against Defendant CSG in an amount which will fully and fairly compensate him for his injuries and damages, for back pay, forward pay, liquidated damages, attorney's fees and costs, and for such other relief as may be just and consistent with the purpose of USERRA.

### COUNT II
(USERRA – Reemployment)
(Plaintiff Zachry Currey v. Defendant)

43. Plaintiff Zachry Currey incorporates by reference the preceding allegations as if set forth fully herein.

44. Plaintiff Zachry Currey is a member of and has performed services in the uniformed services as that term is defined in USERRA.

45. Defendant CSG had control over employment opportunities for Plaintiff Zachry Currey and is an employer as that term is defined in USERRA.

46. USERRA provides that "[a] person who is a member of, applies to be a member of,

performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." § 4311.

47. USERRA further provides that "a person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits." § 4312. Defendant CSG was required to "promptly" reemploy Mr. Currey. § 4313.

48. Plaintiff Zachry Currey was absent from a position of employment with Defendant CSG by reason of his service in the uniformed services.

49. Plaintiff Zachry Currey gave Defendant CSG advance notice of his service obligation to the uniformed services.

50. Plaintiff Zachry Currey had not been absent from his employment with Defendant CSG for more than a cumulative five years due to service in the uniformed services.

51. Defendant CSG was not separated from the services with a disqualifying discharge or under other than honorable conditions.

52. Plaintiff Zachry Currey informed CSG of his intent to return to employment with CSG..

53. Defendant CSG refused to reemploy Plaintiff in a position of like seniority, status, and pay as Plaintiff was receiving prior to his deployment.

54. Plaintiff Zachry Currey has suffered damages as a direct result of Defendant CSG's willful actions.

WHEREFORE, Plaintiff Zachry Currey demands judgment against Defendant CSG in an amount which will fully and fairly compensate him for his injuries and damages, for back pay, forward pay, liquidated damages, attorney's fees and costs, and for such other relief as may be just and consistent with the purpose of USERRA.

Respectfully Submitted,

**RAY LEGAL GROUP, LLC**

By:   /s/ James M. Ray
      James M. Ray, II (#19726)
      jim.ray@raylegalgroup.com
      Andrew J. Toland III (#05057)
      andy.toland@raylegalgroup.com
      8720 Georgia Avenue, Suite 904
      Silver Spring, Maryland 20910
      Phone: (301) 755-5656
      Fax:   (301) 755-5627

*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

The Plaintiff requests a trial by jury on all issues raised herein.

    /s/ James M. Ray, II
    James M. Ray, II (#012773)